Considering the bankruptcy court's award to Trustee, the district court stated:

Appellant Trustee appeals his award of $64.10 for expenses, claiming that he is entitled to the additional sum of $250.00 representing the value of his services rendered. As appellees correctly observe, however, said Trustee has performed no compensable services beyond preparation of an estate status report. He did not secure any of Debtors' assets, nor did he conduct negotiations with creditors. The Trustee disbursed none of the bankrupt estate to creditors. In short, only his documented expenses totalling $64.10 are compensable.

*Id.* at 388.

■ The fee provision of the Bankruptcy Code, 11 U.S.C. § 330, is meant to encourage high standards of professional legal practice in the bankruptcy courts. *See In re Atlas Automation, Inc.,* 27 B.R. 820, 822 (E.D.Mich.1983). Bankruptcy courts are no longer bound by pre-Code notions of frugality and economy in fixing fees. *Id.* Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in the bankruptcy courts. *Id.* Although the award could have been more generous, the allowance granted was within the discretion of the bankruptcy court. Accordingly, we affirm on the basis of the district court's opinion. *See* 8th Cir.R. 14.

Ronald R. **SALINAS** and Cindy **Salinas, Appellants,**

v.

The **SCHOOL DISTRICT OF KANSAS CITY, MISSOURI;** John A. Minor, Jr., Acting Superintendent of Schools; Lewis W. Clymer, Vice President; James P. Bonadonna, Treasurer; Chester Anderson, Director; Mary E. Arney, Director; Joyce Stark, Director; Fletcher Daniels, Director; Sue Fulson, Director; Fred Heine, Director; Carl Struby, Director, **Appellees.**

No. 84–1535.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1984.

Decided Dec. 31, 1984.

Shirley Ward Keeler, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for The School District of Kansas City, Mo., et al.

Michael K. Whitehead, James M. Smart, Jr., Smart & Whitehead, Kansas City, Mo., for appellants.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Ronald R. Salinas, joined by his wife Cindy, appeals an order of the district court granting summary judgment to the school district, its superintendent, and members of its board. Salinas claims that the board denied his group access to an elementary school auditorium, sought for the purpose of showing an educational film series to the general public, in violation of first amendment speech, association, and religion guarantees and fourteenth amendment rights to equal protection and due process. The district court granted summary judgment in favor of the school district. We affirm.

A reviewing court should sustain a grant of summary judgment only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Hartford Accident and Indemnity Co. v. Stauffer Chemical Co.*, 741 F.2d 1142, 1144 (8th Cir.1984). The record must be viewed in the light most favorable to the nonmoving party. *Id.* A party opposing a motion for summary judgment, however, "may not rest upon the mere allegations * * * of his pleading, but * * * by affidavits * * * must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Fed.R. Civ.P. 56(e).

In this instance, the school district presented affidavits of one school board member and the board's attorney explaining its policy and practices regarding public access to school facilities in general and its conduct regarding Salinas' application. On the other hand, Salinas filed no affidavits with specific facts demonstrating a genuine issue for trial. Although the record below was sparse, we agree with the district court that there are no material disputes of fact that would preclude consideration of the merits of this case in the context of summary judgment.

In December 1982, Ronald Salinas sought permission, on behalf of a religious group organized by himself and his wife, to use the auditorium of a Kansas City, Missouri, elementary school in order to present an educational film series on different types of religions. At that time, the school district offered its facilities for use by the general public on a permit basis "for worthwhile educational, recreational, civic and cultural activities," subject only to review for scheduling conflicts and compliance with maintenance and equipment use rules. The school board delegated authority over applications for permits by most groups to administrators at each school, but retained authority to consider, with the advice of counsel, the most sensitive permit applications, those made by religious groups for meetings with other than purely social and recreational purposes. The board retained this decisionmaking authority only to ensure the proper handling of establishment clause issues. The reason for the board's position was its desire to avoid violation of the federal and state constitutional provisions dealing with such issues and a state statute placing responsibility for school property in the school board. Mo.Rev.Stat. § 177.031.

Salinas applied to a school administrator, disclosing the religious identity of his group and the educational nature of his program. The administrator granted Salinas a permit covering six consecutive Monday nights in January and February 1983. After the third session, the superintendent of schools informed Salinas that the permit was withdrawn because the administrative staff did not have authority to issue a permit for the use he requested. Salinas was told that the school board could grant his application to use the school auditorium and he was invited to present his request to the board at its next meeting.

Salinas did not present his application to the board and he has never asked the board to act on it. At no time has the school board taken the position that it would reject Salinas' projected use. Instead of going to the board, Salinas filed suit in the federal district court claiming constitutional violations based upon the board's retention of a limited decisionmaking authority over the permit applications of religious groups and the administrative withdrawal of his permit. We hold that Salinas has not suffered a constitutional deprivation.

Salinas presents us with essentially two contentions. First, Salinas claims the school district's policy, which subjects his group to administrative regulations differing from the regulations applicable to some other groups, is discriminatory. He argues that the policy infringes upon his group's freedom of religious exercise, association, and expression, and denies his group equal protection. Salinas' arguments lack merit. The mere retention by the governing body of a school district of some of its plenary decisionmaking authority and delegation of other authority to its administrative subordinates does not violate federally protected rights. There is no suggestion that the decisionmaking structure was established for a constitutionally impermissible reason, or that the school board would do anything other than fairly consider Salinas' application, or that constitutionally impermissible criteria would enter the board's deliberations. Admittedly, the procedures are different, but the Constitution does not necessarily forbid one in preference to the other.

The school district policy does not deny access to school facilities to religious groups; instead, the policy implemented by the board specifically states that permits will be granted to religious groups. All we are faced with is the board's retention of authority to consider applications of some religious groups to assess the complex issues concerning the Establishment Clause that those groups' use of the school facilities might raise. We consider that a reasonable justification for the minor inconvenience the policy imposes on Salinas' group. We cannot take seriously the suggestion made here that the board has invidiously discriminated against Salinas' group by requiring him to present his application to the school board rather than to an administrative subordinate.

Second, Salinas claims that the application of the school district's policy in this instance unconstitutionally denied his group access to the school auditorium because of the religious nature of its message in violation of his group's first amendment and due process rights. Because Salinas has never presented his request to the proper body, any claim that Salinas' group was denied access is premature. The school district's uncontested affidavits show that Salinas' permit was withdrawn when the superintendent of schools discovered the administrative subordinate's error. Absent a decision on the merits of the application by the body which has authority to pass upon the application, Salinas has not suffered any deprivation, much less one of constitutional dimension. His organization has not been excluded from the use of the school district's facilities, and there is no indication that it will be excluded.

We conclude Salinas has failed to state a claim of constitutional deprivation. The judgment of the district court is affirmed.